VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.

---

STEWART W. EAMES, Appellant, *v.* BRUNSWICK CONSTRUCTION COMPANY and Others, Defendants, Impleaded with WILLIAM E. NICHOLS and DAVID B. HELM, Composing the Firm of WILLIAM E. NICHOLS & COMPANY, Respondents.

*An agent employed to solicit subscriptions to a syndicate agreement — he is not liable to a subscriber for not notifying his principal of the subscriber's withdrawal.*

The failure of an agent, employed by a corporation to solicit subscriptions to a syndicate agreement, to communicate to his principal the withdrawal of a subscriber to the syndicate agreement, does not render such agent liable to the withdrawing subscriber, as whatever duty was incumbent upon the agent in this respect it was due to his principal and not to the withdrawing subscriber.

APPEAL by the plaintiff, Stewart W. Eames, from an interlocutory judgment of the Supreme Court in favor of the defendants William E. Nichols and another, composing the firm of William E. Nichols & Company, entered in the office of the clerk of the county of New York on the 17th day of June, 1904, upon the decision of

the court, rendered after a trial at the New York Special Term, sustaining a demurrer interposed by the said defendants to the plaintiff's complaint.

*Frederick B. Campbell,* for the appellant.

*Jay E. Lawshe,* for the respondents.

Judgment affirmed, with costs, on the opinion of the court below, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

Present — VAN BRUNT, P. J., O'BRIEN, INGRAHAM, McLAUGHLIN and HATCH, JJ.

The following is the opinion of SCOTT, J., delivered at Special Term:

SCOTT, J.:

The complaint certainly states no cause of action against the demurring defendants. They acted, as it is alleged, solely as agents of the defendant Brunswick Construction Company, to solicit subscriptions to the syndicate agreement. Whatever duty they owed was to their principals, and if it was a part of that duty to communicate plaintiff's withdrawal from the agreement, their failure to do so was a breach of duty to their principals and not to this plaintiff. It is not necessary to consider here whether notice of withdrawal to the agent employed to solicit subscriptions was equivalent to notice to the principal, or whether assuming such notice to have been sufficient, and to constitute a complete defense to any attempt to collect the subscription, an affirmative action in equity will lie to cancel the agreement. The demurring defendants may be necessary witnesses in any action relating to plaintiff's liability as a subscriber, but this does not justify joining them as defendants. If any cause of action could be based upon the action of the demurring defendants in informing plaintiff that his subscription was in process of cancellation it would be only an action at law for damages, and no such action would lie, if at all, unless it appeared that the statement was false, that plaintiff believed it and in reliance upon it did or refrained from doing something, and that he thereby suffered damage. None of these allegations are to be found in the complaint. The demurrer must be sustained, with costs.